UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTINE L. HORDICHOK,<br><br>Defendant. | Case No. 2:08-cr-00089-BLW<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Modification or Reduction of Sentence (Dkt. 133) and Supplement to Motion (Dkt. 134). Defendant seeks the modification or reduction pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) of the United States Sentencing Guidelines ("USSG"). Section 3582(c)(2) provides for the reduction of a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ."

Defendant contends that a 2007 amendment to USSG § 4A1.1 and § 4A1.2 should be applied to her sentence retroactively because it would result in a lower sentence. The amendment addressed the counting of multiple prior sentences and the use of

**ORDER - 1**

misdemeanor and petty offenses in the calculation of a defendant's criminal history category. The Court will deny the Motion for two reasons.

First, the amendment to which Defendant refers is Amendment 709 to USSG § 4A1.1(f) and § 4A1.2(a) and (c) which became effective November 1, 2007. Defendant was sentenced on January 12, 2009. Therefore, the amendment was already in effect and would have been applied to the calculation of her criminal history category.

Second, a sentence may only be reduced under § 3582(c)(2) if the amendment is referenced under USSG § 1B1.10(c). Amendment 709 is not among the amendments referenced in USSG § 1B10(c). Therefore, even if Defendant had been sentenced prior to the effective date of Amendment 709, she would not be eligible for a sentence reduction. *See United States v. Arciniega*, 358 Fed. Appx. 991 at *1 (9th Cir. 2009) (citing *United States v. Cueto*, 9 F.3d 1438, 1440-41 (9th Cir. 1993)).

In her Supplement, Defendant advises the Court of her employment history at the prison and the numerous programs she has completed. She also requests the Court to reduce her sentence so that she may enter the Residential Drug Program ("RDAP") before her current eligibility date of 2015 or to sentence her to community service or a community supervision program. Although her performance and rehabilitation efforts in prison have been remarkable and commendable, the Court must deny this request as well.

Once a sentence has been imposed, the Court may not modify a term of imprisonment except in certain limited circumstances.[1] *See United States v. Bride*, 581 F.3d 888, 890 (9th Cir. 2009) (citing 18 U.S.C. § 3582(c)). *See also United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time.") (citation omitted). Those limited circumstances unfortunately for Defendant do not include post-sentencing rehabilitation.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Defendant's Motion for Modification or Reduction of Sentence (Dkt. 133) and Supplement to Motion (Dkt. 134) are denied.

---

[1] The Court does not have jurisdiction to consider a sentence reduction except in the following circumstances:

- The Bureau of Prisons files a motion for a sentence reduction after finding extraordinary and compelling reasons or determining that a defendant is at least 70 years of age, has served at least 30 years in prison on the offense of conviction, and does not present a danger to society. *See 18 U.S.C. § 3582(c)(1)(A).*

- The Government files a motion under Rule 35 which allows a sentence reduction if the defendant has provided substantial assistance after sentencing. *See 18 U.S.C. § 3582 (c)(1)(B)* and *Fed. R. Crim. P. 35(b).*

- The Sentencing Commission lowers the guideline range upon which a defendant has been sentenced. *See 18 U.S.C. § 3582(c)(2).*



DATED:  **August 28, 2012**

/s/ B. Lynn Winmill
Honorable B. Lynn Winmill
Chief U. S. District Judge